UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAAD KHAMIS,

        Plaintiff,

vs.

        Case No. 04-CV-73750

        HON. GEORGE CARAM STEEH

ATLAS OIL COMPANY, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

### INTRODUCTION

This is a lawsuit in which plaintiff, a gasoline dealer, makes claims against gasoline supplier Atlas Oil Company among other entities and individuals, asserting claims including violations of the Michigan Franchise Investment Law, breach of contract and a product supply agreement, a civil RICO claim, and fraudulent, negligent, or innocent misrepresentation.  Before the court are defendants' motions to dismiss, which are granted in part and denied in part for the reasons set forth below.

### BACKGROUND

Plaintiff Saad Khamis is an individual gasoline dealer who filed this lawsuit against Atlas Oil Company, his former supplier, entities FTV Livonia 31401 W. 8 Mile Rd. L.L.C., FTV Acquisition L.L.C., Fast Track Ventures Acquisition L.L.C., Fast Track Ventures L.L.C., and Clark Brands L.L.C., and individuals Brian Donnely, Robert Borget, Sam Simon, Fayez Simon, and Fawzi Simon.

According to documents attached to the complaint, Khamis leased the premises for his gas station from defendant FTV Livonia - 31401 W. 8 Mile Rd. LLC. He entered into a Product Supply Agreement (PSA) with Atlas Oil Company, and he signed a promissory note payable to "FTV _____ LLC".

Plaintiff's complaint asserts various misrepresentations by "defendants," in the forming and performance of the contracts named above, and includes an assertion that his right to purchase the property under a lease agreement was violated. Specifically, plaintiff claims, against all "defendants," a violation of the Michigan Franchise Investment Law (Count I); Breach of Contract Lease/Promissory Note (Count II); Breach of the Product Supply Agreement (Count III); Civil RICO (Count IV); Fraudulent, Negligent, or Innocent Misrepresentation (Count V); and Usurious Interest Violation (Count VI).

Until recently, this court had on its docket two other cases which were companions to the instant litigation. Some months ago, the court was contacted regarding the prospective settlement of all three cases, which ultimately occurred in only the two companion cases, which were dismissed by the parties. Therefore, this lawsuit remains, as do three pending motions to dismiss filed by defendants at the outset of this litigation, concerning which the parties agreed to waive oral argument. The court's consideration of the motions, and its determination, are set forth below.

## STANDARD

When this court considers a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "well-pleaded facts" contained in a complaint must be accepted as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Any ambiguities in the pleadings must

be resolved in the pleader's favor.  Jackson v. Richards Medical Co., 961 F.2d 575, 577 (6th Cir. 1992).  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  Morgan, 829 F.2d at 12.

Once the court has "constru[ed] the complaint in the light most favorable to the plaintiff ... [it] determine[s] whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998) (citation omitted).   A district court properly grants the motion to dismiss when there is no set of facts contained in the complaint that would allow recovery. Carter by Carter v. Cornwall, 983 F.2d 52, 54 (6th Cir. 1993).

## ANALYSIS

1.  <u>Defendants Atlas Oil Company, FTV Acquisition, L.L.C., Fast Track Ventures, L.L.C., Brian Donnely, Robert Meget, Sam Simon, and Faiz Simon's Motion to Dismiss</u>

a.  *Count I-Michigan Franchise Investment Law*

Those defendants named in the caption, above, (hereinafter the "Atlas defendants") first move for dismissal of the claim brought under the Michigan Franchise Investment Law, Mich. Comp. Laws Ann. § 445.1501 et seq. ("MFIL"), on the basis that the MFIL does not apply to plaintiffs' relationship with Atlas, because the Product Supply Agreements do not include elements of a "franchise."  Defendants argue that a "franchise," as defined by the MFIL, requires payment of a franchise fee, and a prescribed "marketing plan or system".  Mich. Comp. Laws Ann. §§ 445.1502(3)(a), (c). Alternatively, these defendants request dismissal of this claim as to all defendants but Atlas, as even if the court were to find the claim sufficient as to Atlas, there could be no

allegation made of a franchise relationship between plaintiffs and the remaining defendants.

In response, plaintiffs distinguish Galper v. United States, 815 F.Supp 1037 (E.D. Mich. 1993), a case cited by defendants which was decided on a motion made under Fed. R. Civ. P. 56, and assert that the allegation that plaintiff paid, "directly or indirectly," a franchise fee, is sufficient under pleading requirements. Furthermore, plaintiffs point to numerous provisions in the PSA to demonstrate that a "marketing plan or system" was prescribed by defendants. The court agrees that the claim should not be dismissed on the basis of insufficient pleading. Concerning defendants' alternative argument, plaintiff asserts that individual defendants, such as those who "directly or indirectly control a person liable under this act," may be liable under the Michigan Franchise Investment Law, citing Mich. Comp. Laws Ann. § 445.1532, and that the corporate defendants who are not parties to the PSA are so "interrelated" with Atlas that the claim should not be dismissed as to any defendant.

On this point, the court agrees with plaintiff, only with respect to some of the corporate defendants. The court will not dismiss any of the individual defendants as to this claim, as there has been no development concerning which individuals control which entities. However, because the signatories to the PSA were only the plaintiff and Atlas Oil, and the allegations in this count relate only to the PSA, the court is convinced that dismissal is appropriate as to certain of the non-individual defendants. Plaintiff's response brief points out that the PSA required plaintiff to "acknowledge and agree to Clark's Sublicense Form, which sets forth 'the guidelines, objectives and expectations of Clark with respect to the operating conditions of and appearance standards.'" Plaintiff's

4

Opposition Brief, p. 7. Accordingly, the court determines that dismissal is not appropriate as to Atlas Oil, nor as to Clark Brands, L.L.C.[1], on this basis, but the court will dismiss defendants FTV Livonia 31401 W. 8 Mile Rd., L.L.C.; FTV Acquisition L.L.C.; Fast Track Ventures Acquisition L.L.C.; and Fast Track Ventures L.L.C. as to this count[2].

b. *Count II-Breach of Contract Lease/Promissory Note*

On this count defendants request dismissal of all parties, save Fast Track Ventures, L.L.C. and FTV Livonia 31401 W. 8 Mile Rd., L.L.C., stating "[t]he remaining defendants (including all defendants bringing this motion) are not parties to the land contracts and/or leases and, obviously, could not be liable for breach of contract." As argued by defendants, the sublease in this case was signed by the Manager of Fast Track Ventures, L.L.C., as a member of FTV Livonia-31401 West 8 Mile, the named Landlord in the sublease, but the promissory note, attached to the complaint, listed only "FTV _____ L.L.C." as payee, and included no signature block for the payee. Therefore, at this juncture the court will dismiss all defendants except for Fast Track Ventures, L.L.C., FTV Livonia 31401 W. 8 Mile Rd., L.L.C., and FTV Acquisition L.L.C. (the latter two being the only two defendants whose names are approximated by

---

[1] Clark Brands' motion to dismiss, to the extent it is brought on different ground(s), is discussed below.

[2] Furthermore, concerning any MFIL § 5 fraud claims brought in this Count by plaintiff, which allege, e.g., "deceptive acts to induce Plaintiff to execute the Franchise Agreements, in violation of MCL 445.1505," Complaint, ¶ 17(c) et seq., the court agrees that such claims must be dismissed for the reasons stated in Cook v. Little Caesar Enter., Inc., 210 F.3d 653, 659 (6th Cir. 2000), i.e. that where a franchise agreement contains an integration clause, plaintiff is precluded from proving reliance on alleged misrepresentations occurring prior to or at the time of entering into the franchise agreement.

the promissory note) as to this claim, without prejudice, noting that the court may consider allowing a later amendment to name another defendant to this claim, if discovery proves such amendment to be necessary.

c. *Count III-Breach of Product Supply Agreement*

Here, defendants make an argument similar to that discussed above, i.e. that only plaintiff and Atlas Oil entered into the PSA, thus this count may be maintained only against Atlas Oil.  As plaintiff has made no particular response to this argument, and because the court agrees with the proposition advanced by defendants, i.e. that a breach of contract claim cannot be maintained against non-parties to the contract, all defendants except Atlas Oil will be dismissed as to this claim.

d.  *Count IV-RICO*

This count, as alleged by plaintiff, states simply that:

\*\*\*

¶37. Clark Brands is an 'enterprise' as that word is used in the Federal RICO Statute, being 18 U.S.C. 1962, and is directly involved in or otherwise affects interstate commerce.

¶38.  The Defendants are persons as contemplated in 18 U.S.C. 1962 who were responsible for conducting the operations of the Clark Brands "enterprise."

¶39.  The Defendants operated the Clark Brands "enterprise" through a "Pattern" of "racketeering activity" as contemplated in 18 U.S.C. 1962(c), including but not limited to:

a.      mail fraud consisting of utilizing the United States Mail service to invoices and other information to the Plaintiff.

b.  wire fraud and/or financial institution fraud consisting of improper and unauthorized use of wire transfer information to withdraw excessive payments from the Plaintiff.

c.  illegal and improper cash transactions constituting "laundering of monetary instrument."

d.  trafficking in goods or services bearing counterfeit marks;

e.  stealing or otherwise diverting products from shipments in interstate commerce or otherwise affecting interstate commerce.

¶40.  The Defendants herein conspired with each other for the purpose of violating 18 U.S.C. 1962(a)(b) and/or (c), and thereby violated 18 U.S.C. 1962(d).

¶41.  The Plaintiff was injured as a direct result of the Defendants' violations of the RICO Statute as outlined above.

\*\*\*

Complaint, pp. 9-10.  As argued by defendants, Fed. R. Civ. P. 9(b) applies to plaintiff's RICO count, as it alleges mail and wire fraud.  That rule states that, in a complaint which alleges fraud, the circumstances constituting the fraud must be "stated with particularity."  As interpreted by the Sixth Circuit, this provision requires that, "*at a minimum*...the time, place, and content of the alleged misrepresentation" must be alleged.  Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993) (emphasis added).  Clearly, plaintiff's allegations, which lump all of the defendants together and do not describe any specific activities undertaken by any defendant, do not even marginally conform to Sixth Circuit requirements.  Therefore, the court will grant defendants' motion to dismiss this count, also without prejudice, and will consider a motion to amend

7

the complaint to restate this claim, with particularity, if such motion is made by the plaintiff.[3]

e. *Fraudulent, Negligent, or Innocent Misrepresentation*

Defendants first argue that this count should be dismissed for the reasons argued in connection with the MFIL § 5 claims, discussed above. Specifically, defendants state that plaintiff "affirmatively alleges that all of the 'misrepresentations' were made in connection with contract formation," citing the Complaint at ¶ 47, and that therefore, the contract's integration clause bars any such claims. Second, defendants argue that the particularity required by Fed. R. Civ. P. 9(b) is not met in this count, dooming these claims. Defendants argue also that the count is filled with allegations of future promises, not misrepresentation of existing facts as required for the allegation of fraud. Finally, defendants contend that the fraud claims are barred by the economic loss doctrine, because the PSA governs the parties' relationship, and plaintiff's tort claims are barred where an economic loss is "essentially contractual and allocable by the parties." Neibarger v. Universal Coop, Inc., 439 Mich. 512, 522 (1992).

With respect to the first argument made by defendants concerning the integration clause, the court notes that the allegations made by plaintiff in this count do not all pertain to representations made prior to execution of the PSA. However, upon close review of Count V, entitled "Fraudulent, Negligent, or Innocent Misrepresentation," the court agrees that dismissal is appropriate for the second reason advanced by

---

[3]Given the court's disposition of this count, the court will not discuss the defendants' proposal to order the preparation of a RICO case statement, but will consider such an order if the count is restored.

defendants, similar to that stated in the paragraph addressing the RICO claim, above. The contents of the allegations are simply not specific enough to meet the requirements of Fed. R. Civ. P. 9(b), which mandates particularity. There are no dates or specific contents stated concerning the alleged misrepresentations, and dismissal is appropriate here as well.

f.  *Usurious Interest Violation*

The disposition of this count is discussed in the section, below, including the argument made in the motion to dismiss filed by defendants Fast Track Ventures Acquisition, L.L.C., FTV Livonia-31401 W. 8 Mile Road L.L.C., and Fawzi Simon.

2.  <u>Defendants Fast Track Ventures Acquisition, L.L.C., FTV Livonia-31401 W. 8 Mile Road L.L.C., and Fawzi Simon's Motion to Dismiss</u>

These defendants (hereinafter the "Fast Track defendants") also move for dismissal of all claims in the complaint. Most of the argument restates arguments made by the Atlas defendants, and as stated and for the reasons given above, the motion is granted in part and denied in part. Count VI is discussed in the following paragraph.

The Atlas defendants argue for dismissal of Count VI, entitled "Usurious Interest Violation," on the basis that the promissory note names "FTV _____ L.L.C." as the payee, and the claim is based only on this note. The Fast Track defendants point out that the promissory note demonstrates that plaintiff Khamis signed the agreement on behalf of an unnamed Michigan limited liability company, and argue that the count must be dismissed "because plaintiff cannot possibly plead a usury defense to the rate of interest to be paid by another person." Furthermore, these defendants assert that Michigan's usury statutes do not apply to this note, as a limited liability company in

Michigan can agree, in writing, to pay any rate of simple interest per annum up to 25%, citing Mich. Comp. Laws §§ 450.4212, 438.41, and the promissory note attached as Exhibit C to the complaint sets an interest rate "equal to the greater of the interest rate set forth in Schedule 1 (not attached) and five percent (5%) in excess of the then current "prime rate" published in the Wall Street Journal, but not in excess of the legal rate. If no such prime rate is announced, the prime rate shall be deemed to be fifteen percent (15%)..." Promissory Note, Exhibit C to Plaintiff's Complaint.[4]  The court agrees that dismissal of the count is appropriate on both bases and this count is hereby dismissed.

3.      Defendant Clark Brands, L.L.C.'s Motion to Dismiss

Defendant Clark Brands (hereinafter "Clark") argues for dismissal of all counts brought in the lawsuit on grounds similar to those discussed above, and also asserts the separate ground of lack of personal jurisdiction for its dismissal from the lawsuit.  As set forth above, Clark has already been dismissed from each count in the complaint (or the count itself has been dismissed) except Count I.  Therefore, as set forth above, Clark's motion is granted to that extent.

The plaintiff bears the burden of establishing the existence of personal jurisdiction.  Serras v. First Tennessee Bank National Ass'n., 875 F.2d 1212, 1214 (6th Cir. 1989) (citations omitted).  The level of plaintiff's burden depends upon the procedure used by the district court in deciding the issue.  Id.

---

[4] The court further notes that the Promissory Note specifically states that "[a]t no time shall the interest charged hereunder be greater than the highest rate of interest allowed by applicable law."  Promissory Note, p. 2.

> If the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movants affidavits, but must set forth, "by affidavit or otherwise...specific facts showing that the court has jurisdiction." When the trial court has determined that the motion to dismiss for lack of personal jurisdiction can be decided upon these written submissions, it "must consider the pleadings and affidavits in the light most favorable to the plaintiff."

Id. (citations omitted). Plaintiff's burden, therefore, is making a *prima facie* showing that personal jurisdiction exists. Id. "The pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff." Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991).

Concerning the issue of personal jurisdiction, despite plaintiff's summary assertion in response to the motion to dismiss that ¶4 of the Complaint, which simply states that Clark "regularly and systematically conducts business through Southeastern Michigan, including Wayne County," the court will not grant dismissal of Clark from Count I at this juncture on this basis. Defendant merely requests dismissal via conclusory statements of counsel that dismissal is appropriate, and provides no affidavits or other materials to show a lack of contact with the jurisdiction.

On the other hand, the Complaint asserts that the plaintiff was required to comply with a Clark sublicense agreement, Complaint, ¶ 13, that the plaintiff's business was "substantially associated with Clark's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the "Clark" brand." Complaint, ¶ 14, and that plaintiff was required to pay, directly or indirectly, a franchise fee to defendant Clark Brands. Furthermore, the court notes that, for example, the PSA, attached to the complaint, required plaintiff to purchase Clark brand fuels "licensed to Atlas," (PSA, ¶2), use imaging "approved by Atlas or Clark," as might be changed by

Atlas or Clark at any time (PSA, ¶4), and honor Clark credit cards and participate in the "network" (Id.). Although plaintiff did not specifically cite to these sections of the PSA, it was plaintiff who attached the PSA to his complaint, and the court is satisfied at this juncture that plaintiff has minimally established that the court may exercise personal jurisdiction over Clark. At this juncture, Clark's motion will not be granted on this basis, pending further factual development. In accordance with this ruling, plaintiff shall file an amended complaint on or before September 30, 2005; failure will result in dismissal of the complaint in its entirety.

## CONCLUSION

As set forth above, defendants' motions to dismiss are hereby GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 21, 2005, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk